UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

TEVIN TAN,

        Defendant.

                              /

NO. CR. 2:10-0262 WBS

ORDER RE: MOTION FOR RECONSIDERATION OF MOTION TO SUPPRESS

----oo0oo----

        On April 28, 2011, defendant filed a motion to suppress evidence obtained during a search of his residence upon the ground that the affidavit submitted to obtain the search warrant was insufficient.  Defendant requested an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).  Although the court did not believe that defendant had made a sufficient prima facie showing to require an evidentiary hearing, in order to accommodate his request the matter was set for evidentiary hearing.  At the hearing, defense counsel informed the court the

that he did not intend to call any witnesses.  Instead, defense counsel elected to question the agent who prepared the affidavit in support of the search warrant.

At the conclusion of the hearing, defense counsel acknowledged that there were no "Franks issues" after all, and the matter was submitted for decision.  The court concluded that the warrant complied with the Fourth Amendment and, after explaining its reasoning on the record, denied defendant's motion to suppress.

One month later, at a status conference, defendant informed the court that he was dissatisfied with his counsel and the court's ruling on his motion to suppress.  After conferring with defendant in camera, the court granted defendant's request for a renewed hearing on his motion to suppress.  The court then held a second evidentiary hearing on October 24, 2011.  This time, both the defendant and the agent testified.  After considering the testimony at the second evidentiary hearing, the court again denied defendant's motion to suppress and explained its reasoning on the record.

At another status conference on January 9, 2012, defendant again expressed dissatisfaction with the court's ruling and requested a third evidentiary hearing so that he could present "new evidence."  In his latest motion for reconsideration, defendant indicates that his new evidence consists of sound experiments in which a large ventilation system was set up in the upstairs bedroom of the residence and two individuals submitted statements indicating that they could not hear the ventilation system when standing outside of the home.

According to defendant, the results of this "experiment" would rebut the agent's testimony that officers had heard a ventilation system operating in the house, which they believed was unusual and consistent with a large marijuana grow.

After being afforded a full opportunity to present all the evidence he wishes to present in support of a motion to suppress evidence, a defendant may not submit the motion for decision, wait to see how the court rules, and then if he is unhappy with the ruling reopen the hearing to present additional evidence that could have been presented the first time around. In an abundance of caution to protect defendant's rights and help defendant's relationship with his counsel, the court indulged defendant's first request to offer "new" evidence after the court ruled on his motion.  There is no good reason to accept defendant's invitation to do so again.  Quite frankly, the court gets the impression that defendant is playing games with the processes of this court.

Defendant's "experiment" has doubtful, if any, probative value.  Even assuming that it did, reconsideration "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citations omitted).  Generally, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Id. (quoting Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir.

2000)) (internal quotation marks omitted); see also E.D. Local Rule 430.1(i) (providing for motions for reconsideration in criminal cases).

No such unusual circumstances exist here.  Evidence qualifies as "newly discovered" only if it could not have been "discovered through due diligence" before the court decided the motion.  Moore v. USC Univ. Hosp., Inc., 416 Fed. App'x 640, 641 (9th Cir. 2011) (quoting Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990)) (internal quotation marks omitted). Although defendant did not conduct his experiment until after the court decided his motion, he has not suggested that he could not have conducted it before either of the evidentiary hearings.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration of the court's denial of his motion to suppress be, and the same hereby is, DENIED.

DATED: February 15, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE