UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

TEVIN TAN,

        Defendant.

_____/

NO. CR. 2:10-0262 WBS

ORDER RE: THIRD MOTION FOR RECONSIDERATION OF MOTION TO SUPPRESS

----oo0oo----

        In defendant Tevin Tan's third motion for reconsideration of the denial of his motion to suppress, he relies on the Supreme Court's recent decision in United States v. Jones, 132 S. Ct. 945 (2012), to seek suppression of evidence obtained as "fruit" of the warrantless placement of a Global Positioning System tracking device ("GPS"). In Jones, the Supreme Court held that attachment of a GPS to a vehicle and the subsequent use of the GPS to monitor the vehicle's movements on public streets constitutes a search within the meaning of the Fourth Amendment. Jones, 132 S.Ct. at 945.

1

In the affidavit supporting the application for a warrant to search defendant's home, Special Agent Brian Swenson indicated that agents had installed a GPS on a Toyota Sienna mini-van that was registered to Phuong Nam San. (Docket No. 41-1 ¶ 29.) With the warrantless placement of the GPS, agents monitored locations the van frequented. (Id.) Subsequent searches conducted at two residences the van frequented in Antelope and Elk Grove revealed that the locations had been used as marijuana grow houses. (Id.) The GPS also revealed that the van frequented a residence on Islesworth Way in Plumas Lake. (Id.) About one month after installing the GPS, agents conducted surveillance on Islesworth Way when the GPS indicated that the van was in the vicinity. (Id. ¶ 30.) During the surveillance, agents observed the van park inside the garage of defendant's home at 1671 Islesworth Way. (Id.) After conducting further surveillance of defendant's home, agents obtained a warrant to search the home and defendant again seeks to suppress the evidence obtained during that search.

The parties do not dispute that the agents discovered the location of Tan's residence based only on the information provided by the GPS installed on San's van. It is also undisputed that, in light of Jones, the installation of the GPS without a warrant did not comport with the Fourth Amendment. Relying on Jones, defendant seeks to suppress the evidence obtained in the search of his home under the "fruit of the

poisonous tree" doctrine.[1]

"To claim the protections of the Fourth Amendment, defendants must demonstrate that they had an expectation of privacy in the property searched and that their expectation was reasonable." United States v. Reyes-Bosque, 596 F.3d 1017, 1026 (9th Cir. 2010). "It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure." United States v. Padilla, 508 U.S. 77, 81 (1993); accord Alderman v. United States, 394 U.S. 165, 171-75 (1969). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed" and thus lacks standing to challenge the introduction of evidence obtained as a result of the search. Rakas v. Illinois, 439 U.S. 128, 134 (1978).

Here, it is undisputed that defendant did not own or possess the van to which agents attached the GPS and defendant does not explain how he had any expectation of privacy in the van or its whereabouts. Although Jones is a recent decision, numerous courts have already rejected similar motions to suppress based on a defendant's lack of standing to challenge the installation of a GPS on a third party's vehicle. See United States v. Shephard, No. 11-6037, 2012 WL 3117513, at *5 (6th Cir.

---

[1] The court gave defendant one week to file any reply to the government's opposition to his motion (Docket No. 66), but defendant did not file a reply, and further briefing on the purely legal issue decided herein was unnecessary.

Aug. 1, 2012) (defendant lacked standing to challenge placement of GPS on his co-conspirators' vehicles because he did not own, drive, or occupy the vehicles and thus "failed to show he had any legitimate expectation of privacy in his co-conspirators' vehicles"); United States v. Barraza-Maldonado, --- F. Supp. 2d ----, ----, 2012 WL 2952312, at *5 (D. Minn. July 19, 2012) (defendant lacked standing to challenge the installation of a GPS on a vehicle because the defendant had only "temporary, non-exclusive possession of the vehicle"); United States v. Johnson, --- F. Supp. 2d ----, ----, 2012 WL 1680786, at *8-9 (W.D. La. May 14, 2012) (police officer defendant lacked standing to challenge placement of GPS on the patrol vehicle assigned to him because he did not own it, possess it at the time the GPS was placed, or have a reasonable expectation of privacy in it); United States v. Luna-Santillanes, No. 11–20492, 2012 WL 1019601, at *7 (E.D. Mich. Mar. 26, 2012) (rejecting defendants' argument that they had standing to challenge the placement of a GPS on their co-defendant's vehicles because they did not present "evidence showing either an ownership or contractual interest in any of the[] vehicles or exclusivity of use such that would give rise to a legitimate expectation of privacy"); United States v. Hanna, No. 11–20678, 2012 WL 279435, at *3-5 (S.D. Fla. Jan. 30, 2012) (defendants lacked standing to challenge placement of GPS on co-conspirator's vehicle because defendants did not own the vehicle, possess it at the time the GPS was placed, or have a reasonable expectation of privacy in it). Accordingly, defendant lacks standing to challenge the warrantless installation of the GPS on San's van and thus the Supreme Court's decision is Jones

4

does not merit reconsideration of the court's denial of his motion to suppress.

Moreover, "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." Davis v. United States, 131 S.Ct. 2419, 2423-24 (2011). On August 6, 2012, the Ninth Circuit held that the exclusionary rule does not apply to evidence obtained through the warrantless placement of a GPS when the GPS was installed before the Supreme Court decided Jones. United States v. Pineda-Moreno, --- F.3d ----, ----, 2012 WL 3156217, at *3 (9th Cir. 2012). The court explained that, prior to Jones, the Ninth Circuit precedent "held that placing an electronic tracking device on the undercarriage of a car was neither a search nor a seizure under the Fourth Amendment" and that "the government does not violate the Fourth Amendment when it uses an electronic tracking device to monitor the movements of a car along public roads." Id. (citing United States v. McIver, 186 F.3d 1119, 1126-27 (9th Cir. 1999) and United States v. Hufford, 539 F.2d 32, 34 (9th Cir. 1976)). Here, agents placed the GPS on San's van on February 26, 2010, which was almost two years before the Supreme Court decided Jones. Consequently, even if defendant had standing to challenge the warrantless installation of the GPS, the evidence obtained from it would not be subject to suppression.

The only remaining argument in defendant's third motion for reconsideration is based on purported new evidence defendant obtained with the use of a private investigator, and defendant will have the opportunity to present that evidence at the

5

1  evidentiary hearing set for August 20, 2012.

2  DATED: August 14, 2012

```
                    /s/ William B. Shubb
                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE
```